UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER HINZ, Personal Representative of The Estate of ORVAL J. HINZ, deceased,<br><br>    Plaintiff,<br><br>  v.<br><br>SWISHER HYGIENE USA OPERATIONS, INC.<br><br>and<br><br>SWISHER HYGIENE INTERNATIONAL, INC.,<br><br>    Defendants. | No. 4:13-CV-1183 JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 7). This matter is fully briefed and ready for disposition.[1]

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993); Manning v. Wal-Mart Stores East, Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing

---

[1] Pursuant to E.D.Mo. L.R. 4.01(C), a party must file a reply memorandum within seven (7) days after being served with the opposition memorandum. Plaintiff has not filed a reply memorandum but the time for filing such a memorandum has run.

jurisdiction.  Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009); City of Univ. City, Missouri v. AT & T Wireless Services, Inc., 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

## BACKGROUND

On April 19, 2013, Plaintiff filed her survivor's lawsuit in the Circuit Court of the City of St. Louis, State of Missouri, for personal injuries suffered by Orval Hinz, the deceased, in a motor vehicle accident on April 24, 2008.  (Plaintiff's Memorandum of Law in Support of Her Motion for Remand ("Memorandum"), ECF No. 8, at 1).  On May 2, 2013, Defendant Swisher Hygiene USA Operations, Inc. and Defendant Swisher Hygiene International, Inc. were served through their registered agent, National Registered Agents, Inc.  (ECF Nos. 1-2, 1-3).  On May 8, 2013, Plaintiff's counsel, Leonard Cervantes, agreed to give Defendants an additional 30 days (up to and including July 1, 2013) to file a responsive pleading in this case. (ECF No. 1-4).  On June 21, 2013, Defendants filed their Notice of Removal in this case, asserting federal diversity jurisdiction.  (ECF No. 1; 28 U.S.C. §1441(b)).  On July 15, 2013, Plaintiff filed her Motion to Remand, which asserts that Defendants' Notice of Removal was untimely because it was not filed within 30 days after the receipt of Plaintiff's Petition.  (ECF No. 7; 28 U.S.C. §1446(b)).

## DISCUSSION

A defendant must remove an action within thirty days after receipt of the complaint.  28 U.S.C. § 1446(b).  "The time limit is mandatory, therefore a timely motion to remand for failure to observe the 30–day limit will be granted." Pender v. Bell Asbestos Mines, Ltd., 145 F. Supp. 2d 1107, 1110 (E.D. Mo. 2001)(citing St. Louis Home Insulators v. Burroughs Corp., 597 F.Supp. 98, 99 (E.D.Mo.1984)).  However, "[t]he § 1446(b) thirty day time limit is not jurisdictional, but instead establishes the procedure to transfer to federal court a case over which

the federal court would have had original jurisdiction." Pender, 145 F. Supp. 2d at 1110 (citing St. Louis Home Insulators, 597 F.Supp. at 99); Jewish Ctr. For Aged v. U.S. Dep't of Hous. & Urban Dev., 4:07-CV-750 (JCH), 2007 WL 2121691, n.1 (E.D. Mo. July 24, 2007).

Here, Plaintiff contends that the 30-day period for filing a Notice of Removal cannot be extended. (Memorandum at 3). Plaintiff contends that counsel agreed to extend the deadline for filing an answer, not for filing a notice of removal. (Id.).

In response, Defendants notes that the statutory time limit for removal is not jurisdictional, and objections regarding the time limit for removal can be waived based upon agreement of the parties. (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Remand ("Opposition"), ECF No. 13), at 2-3); see Jewish Ctr. For Aged, 2007 WL 2121691, n.1 (citing Rampy v. Southwestern Bell Tel. Co., 615 F.Supp. 996, 999 (W.D.Mo.1985)) (Because the thirty day time limit is not jurisdictional, it is not a ground for remand where the parties waive timeliness objections.). Defendants claim that they relied on Plaintiff's counsel's agreement to a thirty day extension to file a responsive pleading. (Opposition at 4). Based upon the parties' agreement to an extension for filing a responsive pleading, Defendants assert that Plaintiff must now be estopped from arguing or has waived the argument that Defendants' Notice of Removal was untimely. (Id.)(citing Staples v. Joseph Morton Co., Inc., 444 F. Supp. 1312, 1314 (E.D.N.Y. 1978)(plaintiff was estopped from arguing the that the notice of removal was untimely where plaintiff's counsel orally agreed to discontinue the action against the defendant).

"The burden is on the removing party to show that the procedure has been followed." Pender v. Bell Asbestos Mines, Ltd., 145 F. Supp. 2d 1107, 1110 (E.D. Mo. 2001)(citing Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969)). The Court finds that

Defendants have not met their burden of proving that the procedure for removal has been followed. It appears that the parties agreed on May 8, 2013 to an extension of time to file a "responsive pleading." (ECF No. 1-4). A "response" is "something that is said or written as a reply to something".[2] A Notice of Removal is not a response to a Petition; rather, a Notice of Removal initiates an entirely new action in federal court. Moreover, even after a Notice of Removal is filed, Defendants still had to file a "responsive pleading" in the form of their Answers to the Petition. See ECF Nos. 3, 4, 15, 16. In sum, the Court finds that Plaintiff's counsel did not agree to waive any objection to the timeliness of the Notice of Removal by agreeing to an extension for filing a responsive pleading. Therefore, Defendants' Notice of Removal was untimely because it was not filed within thirty days after receipt of Plaintiff's Petition. The Court remands this action for Defendants' failure to file their Notice of Removal within § 1446(b)'s thirty day time limit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [7] is **GRANTED**. This matter shall be remanded to the Twenty Second Circuit of Missouri in City of St. Louis, Missouri for further proceedings. An order of remand accompanies this Order.

Dated this 7th day of February, 2014.

                                                                **JOHN A. ROSS**
                                                                 **UNITED STATES DISTRICT JUDGE**

---

[2] See http://www.merriam-webster.com/dictionary/response?show=0&t=1391635127.